United States District Court
Southern District of Texas
**ENTERED**
January 13, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARCUS E. BAKER, | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | Case No. 1:16-cv-008 |
| | § | |
| | § | |
| STATE OF TEXAS, | § | |
| Defendant. | § | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court is in receipt of Plaintiff Marcus Eugene Baker's pro se "Petition for District Court's Participation" (hereinafter, Baker's "Petition"). Dkt. No. 1. Baker's Petition alleges that his custodians at the John B. Connally Unit in Kenedy, Texas have violated his civil rights by subjecting him to prejudice, harassment, and malnutrition. *Id.* at 1. He also indicates that he is being subjected to cruel and unusual punishment due to the "totality of All Conditions" in the Connally Unit. *Id.* (errors in original).

As the allegations contained in Baker's Petition contest the conditions of his confinement, the Clerk of the Court filed his Petition as a 42 U.S.C. § 1983 civil rights complaint. This would be proper if Baker were attempting to file a complaint. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) ("Generally, § 1983 suits are the proper vehicle to attack unconstitutional conditions of

confinement and prison procedures."); *Ross v. Thaler*, No. 2:13-CV-6, 2013 WL 5231526, at *10 (S.D. Tex. Sept. 16, 2013) (same). However, Baker's intentions are not clear from the face of his Petition. Baker may be attempting to file a civil rights complaint. In the alternative, he may simply be attempting to get this Court to appoint counsel so that he may "proceed Into The Court's with This matter" in the future. Dkt. No. 1 at 1 (errors in original). In other words, Baker may not have intended to initiate a § 1983 lawsuit in this Court, at this juncture.

Baker's intentions in filing his Petition impact the Court's venue analysis. Section 1983 does not contain a specific venue provision. 42 U.S.C. § 1983. Venue is, therefore, determined under the general venue provision in 28 U.S.C. § 1391(b). *See Williams v. Hoyt*, 556 F.2d 1336, 1341 (5th Cir. 1977) (citing 28 U.S.C. § 1391(b) as the venue provision applicable to § 1983 actions); *Trujillo v. Dr. Arce*, No. CIV.A. 5:03-CV-114-C, 2003 WL 21266974, at *1 (N.D. Tex. May 27, 2003) (same). Pursuant to 28 U.S.C. § 1391(b), "[v]enue for a Section 1983 action lies in the judicial district where a defendant resides, or in the judicial district where a substantial part of the events or omissions giving rise to the claims occurred. *Trujillo v. Dr. Arce*, 2003 WL 21266974, at *1.

Baker's Petition asserts that his conditions of confinement at the Connally Unit violate his constitutional rights. Dkt. No. 1 at 1. The Connally Unit is in Kenedy, Texas. Kenedy is in Karnes County, which is in the Western District of Texas. *See Hines v. Castillo, No. 2:13-CV-120, 2013 WL 2297178, at *1 (S.D. Tex. May 23, 2013) (*noting that the Connally Unit in Karnes County is within the

Western District of Texas); *Acosta v. Pople*, No. CIV.A. H-10-0074, 2011 WL 1885644, at *1 (S.D. Tex. May 18, 2011) (same).  Baker has not misstated his place of confinement as the Court has confirmed that he is currently an inmate at the Connally Unit.[1]

Accordingly, to the extent that Baker intended to initiate a § 1983 action when he filed his Petition, he has attempted to do so in the wrong venue.  Venue does not lie in the Southern District because Baker resides within the Western District of Texas, and the conditions he complains of have allegedly occurred within the Connally Unit in the Western District of Texas.  *See* 28 U.S.C. § 1391(b).  Further, to the extent that he is seeking the appointment of counsel to help him file a § 1983 complaint, he may not pursue that relief here as such relief is more properly sought in the correct venue.

When a § 1983 complaint is filed in the wrong venue, the court presiding in that venue has the discretion to (1) dismiss the complaint without prejudice to its filing in the correct venue; or (2) transfer the complaint to the correct venue, if transfer is in the interest of justice.  *Lowery v. Estelle*, 533 F.2d 265, 267 (5th Cir. 1976); *McClintock v. Sch. Bd. E. Feliciana Par.*, 299 F. App'x 363, 366 (5th Cir. 2008) (same).

Here, it is not clear that Baker intended to initiate a § 1983 action when he filed his Petition.  First, he labels his Petition as a "Petition for District Court

---

[1]   *See*  http://offender.tdcj.state.tx.us/OffenderSearch/offenderDetail.action?sid=07911591 (last visited on January 12, 2016).  The Court may take judicial notice of this information. *See Griffin v. Ebbert*, 751 F.3d 288, 290 n. 1 (citing FED. R. EVID. 201(b)(2) and "*Camarillo v. United States*, 497 Fed. Appx. 422, 422–23 (5th Cir. 2012) (per curiam) (judicial notice of Bureau of Prisons' public Inmate Locator Service) (collecting cases)").

Participation[,]" rather than as a § 1983 complaint. Second, his Petition lacks a caption and does not purport to sue any particular defendants. Third, Baker's Petition can be construed as requesting the appointment of counsel so that he may file a complaint in the future because the only affirmative requests for relief contained in his Petition are his requests for "Assistance" and his request for appointment of counsel. Dkt. No. 1 at 1. Fourth, Baker has neither paid the applicable $400 filing fee,[2] nor filed an application to proceed without prepayment of costs. Fifth, Baker's Petition fails to state a claim for relief as it is limited to one paragraph of conclusory allegations.

Given that Baker's intentions are unclear, and his Petition fails to state a claim, it is not in the interests of justice to transfer Baker's Petition to the Western District of Texas. It is, therefore, recommended that Baker's Petition be dismissed, without prejudice, so that if he wishes to file a proper action he may do so in the correct venue. It is further recommended that the Court order the Clerk of the Court to close this case.

## Recommendation

It is recommended that Baker's Petition be dismissed, without prejudice. It is further recommended that the Court order the Clerk of the Court to close this case.

---

[2] *See* http://www.txs.uscourts.gov/page/FeeSchedule (last visited on January 12, 2016).

**Notice to the Parties**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 13th day of January, 2016.

_____
Ignacio Torteya, III
United States Magistrate Judge